UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 08-C-0552

    v.

ROBERT L. TIBBETTS,
HERBERT F. TIBBETTS,
THE PORTAGE COUNTY BANK,
FOX OIL CO. INC.,

        Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-entitled action having been heard on the 4th day of December, 2008 and the

Court having considered the pleadings, affidavits and other documents now on file, and the Court

having further considered the presentation by counsel for the plaintiff given in open Court, the

Court hereby makes the following findings of fact and conclusions of law:

<u>FINDINGS OF FACT</u>

1.     The defendants Robert L. Tibbetts and Fox Oil Co., Inc. are wholly in default.

2.     That the allegations set forth in plaintiff's complaint are proven true.

3.     That the mortgaged premises are described as follows:

     (See legal description attached hereto as Exhibit A)

4.     The plaintiff holds the superior interest in Lot One as described in Exhibit A.

5.      That based upon the complaint and the answer of The Portage County Bank, The mortgage recorded on November 10, 2004, in Volume 728 at page 787, document number 422345, in the original amount of $38,000 The Portage County Bank is a prior lien interest to the plaintiff in Lot Two (2) as described in Exhibit A.

6.      That the holder of the first mortgage on Lot Two (2) be paid first out of the foreclosure sale proceeds of Lot Two (2), and that upon payment of the balance owed to the mortgage holder, the mortgage holder will release the interest in Lot Two (2).

7.      That based upon the complaint and the stipulation of the parties, Herbert F. Tibbetts holds a prior renter's interest to the plaintiff in Lot Two (2) as described in Exhibit A.

8.      That based upon the stipulation of the parties, a judgment of foreclosure should be entered in this matter reflecting the priority of Herbert F. Tibbetts renter's interest in Lot Two (2) until October 31, 2014 or until Herbert F. Tibbetts vacates the property.

9.      That notice of the pendency of this action was duly given on the 3rd day of July, 2008, by filing a lis pendens in the office of the Register of Deeds for Waushara County, Wisconsin.  This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

10.      That there is now due to the United States the following sums:

| | |
|---|---|
| Principal Balance | $131,068.85 |
| Accrued Interest to | |
| December 4, 2008 | $    6,289.37 |
| Lis Pendens fees | $        18.00 |
| Title Search fees | $        50.00 |

2

11.     That no other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, and mortgages.

CONCLUSIONS OF LAW

1.     That the plaintiff is entitled to judgment of foreclosure of the premises in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

2.     That the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the lands and premises or any part, parcel, or portion thereof, with the exception of the first mortgage holder in Lot Two (2) and Henry Tibbett's renter's interest in Lot Two (2).

3.     That the defendants shall not be granted a period of redemption.

4.     That the subject premises be sold at public sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin.

5.     That the proceeds of the sale shall be paid out based upon the priority of the mortgages filed with the Waushara County Register of Deeds.

7.     That the Renter's interest of Herbert F. Tibbetts shall remain on Lot Two (2) until October 31, 2014 or until Herbert F. Tibbetts vacates the property.

8.     That in accordance with the plaintiff's prayer for judgment, the plaintiff shall seek a personal deficiency judgment against Robert L. Tibbetts if the proceeds of the sale are less than the sum of money to be paid to the plaintiff.

3

IT IS THEREFORE ORDERED that foreclosure of said mortgage in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated at Green Bay, Wisconsin, this 4th day of December, 2008.


s/William C. Griesbach
HONORABLE WILLIAM C. GRIESBACH
United States District Judge